**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0301-16T1

DYSHON RAGLAND,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted June 19, 2018 – Decided September 28, 2018

Before Judges Nugent and Accurso.

On appeal from the New Jersey Department of Corrections.

Dyshon Ragland, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, an inmate at New Jersey State Prison, challenges the Department of Corrections' September 12, 2016 final disciplinary decision finding him guilty of prohibited act *.052, making sexual proposals or threats to another, in violation of N.J.A.C. 10A:4-4.1(a)(3)(iv).  He argues:

> POINT I
>
> The Decision of The Hearing Officer Was Not Based on Substantial Evidence.
>
> > A.     Standard of Review.
>
> > B.     Argument.
>
> POINT II
>
> The cell confrontation, which resulted in the charges advanced in and of itself was retaliation for involvement in constitutionally protected activity and in particular for complaining about the rogue and corrupt practices utilized in the operation of the New Jersey State Prison.

For the reasons that follow, we affirm.

Appellant was charged with committing prohibited act *.052.  He pled not guilty and counsel substitute was appointed to assist him in his defense.  After an adjournment to accommodate appellant's request of confrontation with the accusing officer, Lieutenant Bundy, the hearing was completed.  The Hearing Officer found appellant guilty.  His sanctions included ninety days of

A-0301-16T1

administrative segregation, sixty days loss of commutation time, and thirty days loss of recreation privileges.

Appellant filed an administrative appeal, which was denied. He then filed this appeal.

The parties presented conflicting versions of the incident through the proofs they presented at the hearing. The Department's evidence established that on August 5, 2016, while conducting a tour of the unit where appellant was housed, Lieutenant Bundy asked appellant why he had sheets covering his window. Appellant claimed it was because a female was on the unit. The next day, Lieutenant Bundy was conducting another tour and noticed that appellant had sheets covering his cell door window. The Lieutenant gave appellant two direct orders to take down the sheets. Appellant disobeyed the orders and yelled, "How about I take it down and then make you suck my dick."

Appellant claimed Lieutenant Bundy made the story up to retaliate against him. Appellant had submitted a complaint concerning what he alleged was mismanagement and corruption among certain corrections officers. Appellant apparently alleged one of the officers was Lieutenant Bundy. Appellant asserted Lieutenant Bundy falsified the charge against him in retaliation for appellant's

complaint concerning the guards and his cooperation with authorities who investigated it.

The Hearing Officer found the Department's proofs credible. The Hearing Officer noted appellant had submitted an Inmate Inquiry Form to the administrative officer alleging security staff continually violated his rights. But, as the Hearing Officer pointed out, appellant submitted the form on August 5 during the second shift. The administrative staff reviews and investigates inmate complaints within twenty-four hours after they are received. Given the time line, Lieutenant Bundy would not have known about appellant's complaint when the Lieutenant conducted his rounds and saw appellant's cell door window covered with sheets.

Our role in reviewing a prison disciplinary decision is limited. In re Taylor, 158 N.J. 644, 656 (1999). "Where . . . the determination is founded upon sufficient credible evidence seen from the totality of the record and on that record findings have been made and conclusions reached involving agency expertise, the agency decision should be sustained." Gerba v. Board of Trustees of the Public Employees' Retirement System, 83 N.J. 174, 189 (1980) (citing Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). We will not disturb an administrative agency determination unless it is arbitrary, capricious or

unreasonable.  <u>Henry v. Rahway State Prison</u>, 81 N.J. 571, 579-80 (1980).  In this case, the Department's decision is not arbitrary, capricious, or unreasonable.

Contrary to appellant's contention, the Hearing Officer's finding of guilt is based upon substantial credible evidence.  The Hearing Officer believed the Department's evidence.  Our task is not to revisit such credibility determinations.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0301-16T1